Eastern District of Kentucky
F I L E D
JUN 13 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

JOHN LEE COCKERHAM, Jr.,

    Petitioner,

v.

THOMAS B. SMITH,

    Respondent.

Civil No. 17-064-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner John Lee Cockerham, Jr. is an inmate currently incarcerated at the United States Penitentiary ("USP")-Big Sandy in Inez, Kentucky. Cockerham has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is entitled to sentencing credit pursuant to Articles 12 and 13 of the Uniform Code of Military Justice ("USMJ") for being housed with immigrants under austere conditions. [D.E. No. 4] Respondent has filed a response in opposition to the petition [D.E. No. 35] and Cockerham has filed a reply. [D.E. No. 39] Thus, this matter is ripe for review.

In 2008, in the United States District Court for the Western District of Texas, Cockerham, a major in the United States Army, pleaded guilty to conspiracy to defraud and commit an offense against the United States in violation of 18 U.S.C. §

1

371, bribery in violation of 18 U.S.C. § 201, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On December 2, 2009, Cockerham was sentenced to a term of 210 months imprisonment followed by three years of supervised release. *United States v. Cockerham*, No. 5:07-cr-511-OLG-1 (W.D. Tex. 2007).

According to documentation submitted by the Respondent, the Bureau of Prisons ("BOP") has computed Cockerham's sentence to commence on December 2, 2009, the date that it was imposed. [D.E. No. 35-1, Declaration of Jeff Johnson at ¶ 5, Att. A] As Cockerham was given prior custody credit of 863 days (representing the time spent in custody from the date of his July 23, 2007 arrest) and is projected to earn a total of 823 days of good conduct time, he is currently projected to be released from BOP custody on October 19, 2022. [*Id.*]

In his § 2241 petition, Cockerham claims that, as a military officer, he is subject to the UCMJ. [D.E. No. 4 at p. 5] According to Cockerham, because he has been held with "high custody level immigrants," his incarceration violates Article 12 of the UCMJ, which prohibits incarcerating military officials with foreign nationals. [*Id.* at p. 5-6] Cockerham also claims that he is being held in "austere jail conditions" in violation of Article 13 of the UCMJ. [*Id.* at p. 6] Based on these alleged violations of the UCMJ, Cockerham claims that he is entitled to "3 for 1 days compensation in reduction of credit" towards his time served. [*Id.* at p. 5-6]

2

However, as argued by Respondent, Cockerham was not convicted by court-martial in a military court for violations of the UCMJ (United States Code, Title 10). Rather, he was convicted in a United States District Court for violations of United States Code, Title 18, thus Title 18 controls the execution of his sentence. Because Cockerham is not a military prisoner, the provisions of the UCMJ simply do not apply to him. *See United States v. Escobar*, 73 M.J. 871, 874 (A.F. Ct. Crim. App. 2014) ("[T]he protections of Articles 12 and 13, UCMJ, apply only (1) to persons subject to the Code, (2) who are placed into confinement by or on behalf of persons subject to the Code, (3) *for pending court-martial charges or as a result of a court-martial conviction.*") (emphasis added).

In his reply, Cockerham argues that Respondent ignores that both the military and civilian courts possessed concurrent jurisdiction to prosecute him for his crimes. [D.E. No. 39] However, it appears that Cockerham misunderstands the meaning of "concurrent jurisdiction." As explained in *United States v. Talbot*, 825 F.2d 991, 997 (6th Cir. 1987), "it is well established that, under proper circumstances, as here, military and civilian courts enjoy concurrent jurisdiction to prosecute armed forces personnel for criminal wrongdoing, inasmuch as the military justice system was designed to supplement rather than displace the civilian penal system, and such concurrent jurisdiction affords the pertinent authorities a choice of forum in which to prosecute the offender, an election generally resolved by considerations of comity

and relevant military and civilian interests." Thus, while Cockerham *could* have been tried by either a military or civilian court, in his case, the pertinent authorities chose to prosecute him in a United States District Court for violations of Title 18. Thus, he is not being held as a result of a court-martial conviction, but rather as a result of his conviction in a civilian criminal court. Accordingly, the BOP has properly computed Cockerham's sentence pursuant to the provisions of 18 U.S.C. § 3585.

Respondent further points to a prior § 2241 petition filed by Cockerham in 2015, in which he previously argued that, under the UCMJ, his incarceration violates his constitutional rights because he is not subject to the civilian criminal code. [D.E. No. 35 at p. 6, citing *Cockerham v. Willis*, Civil No. 15-cv-382-EPM (W.D. Tex.)] In that case, the court dismissed the petition on the grounds that the military courts and civil courts share concurrent jurisdiction over all offenses against the laws of the United States committed by military personnel, thus "simply because a member of the armed forces may be punished by military court martial for an offense provides no justification for concluding that a District Court lacks jurisdiction to punish him for the same offense, if such offense is violative of a federal law." *Cockerham v. Willis*, Civil No. 15-cv-382-EPM, 2016 WL 345590, at *4 (W.D. Tex. Jan. 27, 2016), *aff'd*, 671 F. App'x 348 (5th Cir. 2016).

Respondent argues that Cockerham's petition filed in this Court raises the very argument raised and decided by the Western District of Texas and should, therefore, be dismissed as an abuse of writ. Because the Court finds that Cockerham's petition filed in this Court is without merit because the UCMJ does not apply to him, it declines to consider whether this petition is an abuse of the writ at this time. However, Cockerham is advised that further petitions arguing that he is entitled to relief under the USMJ would likely be denied as abusive.

Finally, as a matter of clarification, Cockerham originally filed two habeas petitions pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Texas, one in the El Paso Division [D.E. No. 4] and one in the San Antonio Division [D.E. No. 6], both of which seek relief under the UCMJ. Indeed, Cockerham notes that both petitions are nearly identical, as they both seek relief for the same violations of Articles 12 and 13 of the UCMJ that he claims occurred at different times in different BOP facilities located in Texas. [D.E. No. 40 at ¶ 8]

The petition filed in the El Paso division was transferred to this Court [D.E. No. 2, 3] because a § 2241 petition must be filed in the judicial district in which the prisoner is held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Shortly after the El Paso petition was transferred, Cockerham filed a copy of the petition that he had previously filed in the San Antonio Division into the record in this case, labeling it

"Part 2" of his petition. [D.E. No. 6] However, Cockerham never filed a motion seeking leave to formally amend his petition, nor was the San Antonio petition ever transferred to this Court by the San Antonio Division.

Shortly thereafter, the Clerk of the Court received and filed a "Notice of § 2241 Petition Withdrawal from this Court" seeking to withdraw the San Antonio petition. [D.E. No. 8] Apparently, this notice had been filed by Cockerham in the San Antonio Division and it was then forwarded to this Court. The Court construed this notice as a motion to voluntarily withdraw Cockerham's petition and dismissed Cockerham's petition (which it identified as being filed at D.E. No. 4 and 6) without prejudice. [D.E. No. 9] On appeal, the United States Court of Appeals for the Sixth Circuit recognized the clerical error, vacated this Court's dismissal Order, and remanded the case back to this Court, specifically noting in its March 16, 2018 Order that "Cockerham directed his notice of withdrawal to the San Antonio Division. The district court therefore erred in dismissing the habeas petition transferred by the El Paso Division." [D.E. No. 24 at p. 2]

After the mandate was issued [D.E. No. 25], this Court entered an Order directing that a copy of the El Paso petition [D.E. No. 4] be served on the Respondent for a response. [D.E. No. 26] This Order further specifically states that "[a]s noted by the Sixth Circuit, Cockerham has voluntarily withdrawn the San Antonio Division petition. [D.E. No. 8, 24 at p. 1-2]. Thus, the habeas petition transferred

6

by the El Paso Division [D.E. No. 4] remains pending and is the operative pleading in this action." [D.E. No. 26 at p. 2]

After a response to the El Paso petition was filed by the Respondent [D.E. No. 35] and a reply filed by Cockerham [D.E. No. 39], Cockerham then filed a pleading captioned "Amendment of 2241 Reply Brief," seeking for the case to be "amended" to "add" the San Antonio petition. [D.E. No. 40] Cockerham states that "[t]he Appellate Court restored the El Paso Filing without mentioning the [San Antonio] portion, because the Eastern District of Kentucky court NEVER addressed the [San Antonio] portion as having been filed in their court because there was NO Case Number assigned from [San Antonio] prior to Transferring, NOR was there a different Case number assigned upon receipt of the filing in Kentucky from Petitioner." [*Id.* at p. 1] However, this statement is plainly inaccurate, as this Court specifically dismissed both of Cockerham's petitions as filed at D.E. No. 4 (the El Paso petition) and D.E. No. 6 (the San Antonio petition). [D.E. No. 9] In addition, after noting that Cockerham's voluntary withdrawal notice was directed to the San Antonio petition, the Sixth Circuit specifically held that only this Court's dismissal of the El Paso petition was erroneous, not the dismissal of the San Antonio petition. [D.E. No. 24]

Regardless, Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be given freely when justice so requires. Fed. R.

7

Civ. P. 15(a)(2). However, the Court can deny leave to amend on the basis of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Cockerham filed his request seeking to "amend" the petition to incorporate the claims made in the San Antonio petition approximately three and a half months after the Respondent filed his response to the El Paso petition (and almost a month after Cockerham had filed his reply to that response). Permitting Cockerham to amend his petition at this late stage of the proceedings would certainly be unduly prejudicial to Respondent.

Moreover, even if the Court did permit Cockerham to amend his petition, like the El Paso petition, the San Antonio petition also asserts that Cockerham is entitled to relief under the UCMJ. However, as the Court has already determined that the execution of Cockerham's sentence is not controlled by the UCMJ, Cockerham's claims in his San Antonio petition are likewise without merit. Where, as here, the claim to be added would be subject to immediate dismissal, amending the petition would be futile and the district court should deny the proposed amendment. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). For all of these reasons, Cockerham's request to amend his petition will be denied.

Accordingly, it is **ORDERED** as follows:

1. To the extent that Cockerham's "Amendment of 2241 Reply Brief" [D.E. No. 40] seeks to amend his petition for a writ of habeas corpus, that request for relief is **DENIED**.

2. Cockerham's petition for a writ of habeas corpus [D.E. No. 4] is **DENIED WITH PREJUDICE**.

3. The Court will enter a judgment contemporaneously with this order.

4. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 13th day of June, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge